# WILLIAMS *v.* DISTRICT OF COLUMBIA.

WRIT OF RESTITUTION, EXECUTION OF; MUNICIPAL ORDINANCES.

A deputy marshal, in executing a writ of restitution of premises to a landlord, has fully discharged his duty when he has removed the tenant's goods from the premises and placed them on the sidewalk; and, if the goods are allowed to remain an unnecessarily long time on the sidewalk, thereby obstructing it in violation of a municipal ordinance, the offense is that of the owner of the goods, and not of the deputy marshal.

No. 1340.   Submitted October 9, 1903.   Decided October 21, 1903.

IN ERROR to the Police Court of the District of Columbia.
*Reversed.*

The COURT in the opinion stated the case as follows:

One of the police regulations of the District of Columbia provides that no person shall, without permit, construct, place, or leave, or cause to be constructed, placed, or left, any obstruction to travel upon the streets, sidewalks, parking, or other public places of the city of Washington.   The plaintiff in error, Virgil G. Williams, one of the deputies of the marshal of the United States for this District, acting under the orders of the marshal in the execution of a writ of restitution issued by a justice of the peace in a proceeding before him instituted under the landlord and tenant acts of Congress for this District, removed some household goods of the tenant or occupant from the premises mentioned in said writ, and placed them on the sidewalk in front of the premises near the curbstone in such manner that they occupied a width of between 3 and 4 feet of the sidewalk, which was about 12 feet and 5 inches in width, and thereby caused an obstruction of the space so occupied.   The goods so remained for about three days, apparently abandoned by the owner, when the

police officers took charge of them, and caused them to be removed into the possession of the property clerk of the District, who retained them at the time of the present proceedings. Thereupon the plaintiff in error was arrested and arraigned in the police court of the District for a violation of the municipal ordinance or regulation before mentioned, was tried by the court without a jury, and was adjudged guilty and sentenced to pay a fine of $5.

At the trial, after the proof of the foregoing facts, which were not, it seems, and are not here, controverted, the plaintiff in error, defendant in the court below, offered to prove that there are no storage warehouses in the city of Washington that will accept goods of the class indicated and rely for their storage charges upon the goods themselves, without holding the owner or person delivering them personally liable for such storage charges; but the testimony was excluded.

The cause has been duly removed to this court by writ of error upon bill of exceptions.

*Mr. C. C. Cole* and *Mr. W. Mosby Williams,* for the plaintiff in error:

1. Even if it should be admitted that the piling of the goods, as the plaintiff in error did, was a violation of the letter of this regulation, it was not a violation of the spirit and intent of it. It is one of the cardinal rules of the construction of statutes that no unreasonable or ridiculous construction should be placed upon them. There are many cases where the courts have held that, although certain acts were within the letter of the statute, they did not come within the spirit and meaning of it. *Church of the Holy Trinity* v. *United States,* 143 U. S. 457; *United States* v. *Kirby,* 7 Wallace, 482.

2. The writ that plaintiff in error was acting under was regular on its face, and was issued by a court of competent jurisdiction; and it was, therefore, the duty of the marshal to execute it, and he is protected in so doing. 22 Am. & Eng. Enc. Law, 1st ed. p. 529. Under this writ it was the duty of the plaintiff in

error, not only to remove the defendant and all other persons found in possession of the premises, but also to remove the personal property of the defendant found therein. He could in no other way restore the plaintiff in the writ of restitution to the full and complete possession of the premises as it was his duty to do. Watson, Office and Duties of Sheriff, 216; Herman, Executions, 530; Crocker, Sheriffs, 2d ed. § 571; *Scott* v. *Richardson,* 2 B. Mon. 507, 38 Am. Dec. 170; *Lee Chuck* v. *Quean Wo Chang Co.* 81 Cal. 222, 15 Am. St. Rep. 50; *Witbeck* v. *Van Rensselaer,* 64 N. Y. 27. It being his official duty to remove the goods, he must of necessity place them upon the sidewalk or some other public space. He had no right to retain them in his possession as he would have had upon the writ of fieri facias, replevin, or attachment; nor had he any right to store them in any place. They were not his, and the writ gave him no right to the possession of them, or to remove them away from the immediate vicinity of the premises.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the defendant in error:

1. If the deputy has any authority, beyond that of an ordinary citizen, to create a nuisance, where does he obtain that authority? While an obstruction that would otherwise be a nuisance may be legalized by the legislature, yet such statutes are strictly construed. Elliott, Roads and Streets, § 651, note 5, and cases cited. In the case of *Com.* v. *Millman,* 13 Serg. & R. 403, the court directed the jury that a constable had no more right to obstruct the passage of a public street than any other person.

2. The public is entitled to the whole of the highway. 15 Am. & Eng. Enc. Law, 492, 493. Any unreasonable obstruction is a nuisance. Wood, Nuisances, p. 237.

3. A citizen may be entitled to encroach upon the highway temporarily for reasons that arise from necessity, *i. e.,* the carrying of goods in and out, taking in fuel, etc. But the continued encroachment upon a street, though for a lawful purpose, is a nuisance. *People* v. *Cunningham,* 1 Denio, 524.

4. A person obstructing a highway is responsible, whether he or another is the owner of the goods. Story, Agency, § 311; *McDermott* v. *Conley,* 11 N. Y. Supp. 403; *Crane* v. *Onderdonk,* 67 Barb. 47; *Gutchess* v. *Whiting,* 46 Barb. 139; *Hecker* v. *DeGroot,* 15 How. Pr. 314; *Clark* v. *Fry,* 8 Ohio St. 358, distinguishing between acts unlawful in themselves and lawful acts performed in an unlawful manner. *Palmer* v. *Silverthorn,* 32 Pa. St. 65.

5. There are two cases which bear a close analogy to the present. *Com.* v. *Passmore,* 1 Serg. & R. 217. Passmore was a public auctioneer, and, for the purposes of his business, he held sales in the street, and obstructed travel by the collection of a crowd. Held, an unlawful use of the street. *Com.* v. *Millman,* 13 S. & R. 403. Millman was a constable who levied upon certain goods, and held a sale of them in the street under a statute requiring him to make a public sale. The collection of the crowd at the sale formed an obstruction to travel, and such use of the street was held to be unlawful.

Mr. Justice Morris delivered the opinion of the Court:

It is conceded that the plaintiff in error was in the performance of his duty when he removed the goods in question from the premises for which restitution had been adjudged, and deposited them in an orderly and proper manner on the sidewalk. It is necessary and proper so to deposit goods in their removal to or from residences or places of business. The obstruction complained of consists in leaving them for an unreasonable time upon the sidewalk; and it seems also to be conceded that they were left for an unreasonable time, and that thus they became an unlawful obstruction to travel. But plainly, if the plaintiff in error did no more than he was commanded by the law to do and by the writ of restitution that had been placed in his hands for execution, it cannot be that he was guilty of an unlawful act. Of course a lawful act can be done in an unlawful manner and thereby become an offense, but no illegality in the matter of the execution of his writ is here charged against the plaintiff in er-

ror. The contention is that, after having removed the goods from the premises to the sidewalk, he should not have permitted them to remain on the sidewalk the undue length of time for which they were permitted to occupy a part of the thoroughfare. But this act, or this default rather, was not the default of the deputy marshal, but of the owner of the goods.

The deputy marshal had completed his duty and fully executed his writ when he had removed the goods from the premises to the sidewalk. He had no warrant of law to remove the goods and take them away to a warehouse or anywhere else. After the removal he had no right to take those goods into his possession for any purpose. It may be that in proper cases the dictate of humanity would require that a reasonable charge and control should be assumed by someone over goods in such condition so as to provide against wanton loss or destruction; but no such case is presented here. We have only the case where the officer of the law has fully performed his duty, and full control of the goods which he has removed has become reinvested in their owner. The owner of the goods might have voluntarily obeyed the command of the writ of restitution, and voluntarily himself placed his goods upon the sidewalk. This he failed or refused to do, and the deputy marshal was compelled to do it for him. But the control of the deputy marshal over the goods extended no farther than was necessary for the execution of his writ; and that was expended as soon as he deposited the goods in proper manner upon the sidewalk. There is no provision of law that authorizes or requires him, under such a writ of restitution, further in any manner to retain the possession or control.

We must hold, therefore, that there was no testimony whatever on which the defendant, the plaintiff in error in this case, could properly have been held liable for the offense with which he was charged. So far as the record before us shows, the offense was that of the owner of the goods, and not that of the marshal or deputy marshal; and the act of the deputy marshal in the premises was not a violation of any municipal ordinance. It may be that for such cases there should be some provision of law or of police regulation that would provide for the contingen-

cy of the abandonment of property by the owner, such as seems to have occurred in the present case. But we are clearly of opinion that, for such abandonment and the consequent obstruction to the highway, the marshal or his deputies who have only performed their legal duty and obeyed the order of the courts, should not be held liable.

The judgment of the Police Court in the premises must be reversed, and the cause will be remanded to that court with direction to vacate such judgment and to discharge the plaintiff in error from the information against him. And it is so ordered.

*Reversed.*